**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

BRUCE TODD BURKS,

    *Plaintiff*,

v.

ALEX CAVE, BARBARA KELLY,
CARL L. GROMEK,

    *Defendants*.
_____/

CASE NO. 10-CV-10685

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS CAVE AND KELLY'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT,
DEFENDANT GROMEK'S MOTION TO DISMISS, AND
PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS**
(Docs. 8, 10, 12)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions to dismiss be **DENIED as MOOT**, that Plaintiff's Motion to Dismiss be **GRANTED** and that the case be **DISMISSED with PREJUDICE.**

## II.    REPORT

Plaintiff filed his *pro se* complaint in February 2010, alleging a violation of rights stemming from the calculation of child support he is required to pay by the Michigan Friend of the Court. Defendants are Alex Cave, a Washtenaw County Circuit Court Friend of the Court Referee; Barbara Kelly, a Deputy Friend of the Court and Referee; and Michigan State Court Administrator Carl Gromek.

On March 23, 2010, Defendants Cave and Kelly moved for dismissal on the grounds of quasi-judicial immunity and the *Rooker-Feldman* doctrine. (Doc. 8.) Defendant Gromek followed with a motion to dismiss on March 25, 2010, joining the arguments asserted by Defendants Cave and Kelly, as well as asserting that he had no personal involvement in Plaintiff's case and that supervisory liability is not available in a civil rights suit.

Rather than answer Defendants' motions, Plaintiff filed his own motion to dismiss on April 23, 2010, stating that, "due to the overwhelming evidence that the Defendants are covered by immunity . . . Burks agrees that this lawsuit should be dismissed." (Doc. 12 at 5.) He further states that "[t]hey are entitled to dismissal with prejudice[1]," and that although he believes the outcome in his case was wrong, he understands that he "has no recourse in pursueing [sic] damages." (*Id.* at 5-6.)

Accordingly, I suggest that Defendants' motions to dismiss (Docs. 8, 10) be denied as moot, that Plaintiff's motion to dismiss (Doc. 12) be granted, and that the case be dismissed with prejudice.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further

---

[1] Plaintiff's cover page states that he is seeking voluntary dismissal *without* prejudice, but in light of the statements made within the body of his motion, that appears to be a typographical error.

right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: May 11, 2010                    United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommenation was electronically filed this date, electronically served on Brian Einhorn and Geoffrey Brown; served by first class mail on Bruce Burks at 2703 Quartz Isle, Saginaw, MI, 48603-1524; and served on District Judge Ludington in the traditional manner.

Date: May 11, 2010                         By    s/*Jean L. Broucek*
                                                         Case Manager to Magistrate Judge Binder